FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 07, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　-vs-<br><br>CARLOS ARMANDO SALDANA,<br><br>　　　　　　Defendant. | No.　4:17-CR-6013-WFN-1<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

　　　Pending before the Court is Carlos Saldana's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 97. Mr. Saldana argues there are extraordinary and compelling reasons to reduce his sentence of imprisonment to time served because he has hyperthyroidism and hypertension, which make him more susceptible to COVID-19. The Court denies the Motion because Mr. Saldana has not shown extraordinary and compelling reasons to reduce his sentence, and because the § 3553(a) factors weigh against early release.

## BACKGROUND

　　　Mr. Saldana pled guilty to distributing fifty grams or more of pure methamphetamine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(viii). ECF No. 92. at 1. He was sentenced to the statutory minimum of ten years imprisonment. *Id.* at 2.

## DISCUSSION

　　　The Court may reduce a sentence under 18 U.S.C. § 3582(c)(1)(A)(i) if (1) there are "extraordinary and compelling reasons" to do so, and (2) the reduction is appropriate considering the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *United*

ORDER

*States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022).[1] Prisoners must satisfy both conditions to obtain compassionate release. *Wright*, 46 F.4th at 945. If either condition is not met, compassionate release must be denied. *Id.*[2]

Before moving for compassionate release, a prisoner must first exhaust their administrative remedies by asking the Bureau of Prisons [BOP] to move for compassionate release on their behalf. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). Once thirty days have lapsed from the warden's receipt of the prisoner's request, the prisoner has satisfied the exhaustion requirement. *Keller*, 2 F.4th at 1281. Even if the Court denies a motion for compassionate release on other grounds, it must address exhaustion if the Government properly raises the issue. *Id.*

**I. Mr. Saldana satisfied the exhaustion requirement.**

Mr. Saldana satisfied the exhaustion requirement by submitting his request for compassionate release to the warden more than thirty days before filing the instant Motion. *Compare* ECF No. 107 at 2, *with* ECF No. 97. The Government notes that Mr. Saldana did not appeal the warden's decision denying his request. ECF No. 103 at 4. But Mr. Saldana

---

[1] "Any reduction must [also] be consistent with applicable policy statements issued by the Sentencing Commission." *Dillon v. United States*, 560 U.S. 817, 821 (2010). However, because the Sentencing Commission has not amended the Sentencing Guidelines since Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to petition for compassionate release directly, there *are no* applicable policy statements issued by the Sentencing Commission. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

[2] Defendants may also qualify for compassionate release if they are at least 70 years old, have served at least 30 years of their sentence, the Director of the BOP has determined they are not a danger to any person or the community, and the § 3553(a) factors weigh in favor of reduction. 18 U.S.C. § 3582(c)(1)(A). Because Mr. Saldana is less than 70 years old, this route is unavailable, and he must demonstrate extraordinary and compelling reasons for reducing his sentence. *See id.*

ORDER

was not required to do so. *See* 18 U.S.C. § 3582(c)(1)(A). He was only required to wait thirty days. *See id.* Therefore, the Court will consider the merits of his request.

**II. Mr. Saldana has not demonstrated extraordinary and compelling reasons to reduce his sentence.**

Mr. Saldana argues his hypertension and hyperthyroidism are an extraordinary and compelling reason to reduce his sentence because they make him more susceptible to COVID-19. ECF No. 97 at 3.

The record indicates however that Mr. Saldana's relatively minor health problems are not an extraordinary and compelling reason to reduce his sentence. Mr. Saldana is in his early thirties, ECF No. 67 at 2, and appears to be in good overall health, *see* ECF Nos. 67 ¶¶ 121–22; 105-2; 105-3. He was diagnosed with hypertension [high blood pressure] but has been prescribed medication to treat it, ECF No. 105-3 at 46, which appears to be working, *id.* at 6. And although Mr. Saldana has high thyroid levels, his only reported symptom is cold intolerance. *Id.* at 2. When Mr. Saldana has health complaints, he is seen by medical professionals who attend to his needs. *See, e.g.*, *id.* at 16–17. Because Mr. Saldana's health problems are not severe and are being treated by the BOP, they fall far short of the sort of extraordinary and compelling circumstances that would warrant reducing his sentence. *Cf., e.g.*, *United States v. Hamman*, No. 3:16-CR-185-SI, 2020 WL 3047371, at *3, 5 (D. Or. June 8, 2020) (finding movant's hypertension, hyperthyroidism, cardiomyopathy, defibrillator implant, and cardiac arrhythmia were not an extraordinary and compelling reason to reduce his sentence at the height of the COVID-19 pandemic).

As for COVID-19, Mr. Saldana already contracted it in 2020 and appears to have recovered well without significant complications. *See id.* at 45–47. Now that Mr. Saldana has been vaccinated, *id.* at 45, he is at significantly less risk of serious infection, *see United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 845 (D. Ariz. 2021) (collecting cases).

Because Mr. Saldana has not demonstrated extraordinary and compelling reasons to reduce his sentence, the Motion must be denied.

ORDER

**III. The factors set forth in § 3553(a) weigh against Mr. Saldana's early release.**

Mr. Saldana had a coordinating role in a transnational drug trafficking organization that brought pounds of methamphetamine into the community. ECF No. 62 at 5–7, ECF No.67 ¶¶ 14–83. The Court sentenced him to the statutory minimum of ten years imprisonment a little more than four years ago. ECF No. 92 at 2. The seriousness of Mr. Saldana's crimes and the need to promote respect for the law, provide just punishment, deter criminal conduct, and protect the public all weigh against reducing Mr. Saldana's sentence. As does the applicable sentencing range. Because the § 3553(a) factors weigh against reducing Mr. Saldana's sentence, the Motion must be denied.

The Court has reviewed the file and Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. Saldana's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed May 25, 2022, **ECF No. 97**, is **DENIED**.

The District Court Executive is directed to file this order and provide copies to counsel and to *pro se* Defendant.

**DATED** this 7th day of February, 2023.

02-03-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER